**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

AVOW HOSPICE, INC., a Florida
nonprofit corporation

     Plaintiff,

v.                            Case No.

AVOW FOUNDATION FOR ABORTION
ACCESS, INC., a Texas nonprofit corporation;
AVOW, Inc., a Texas nonprofit corporation; and
AVOW PAC a political action committee

     Defendants.

_____/

**<u>VERIFIED COMPLAINT FOR FEDERAL TRADEMARK INFRINGEMENT;
FEDERAL UNFAIR COMPETITION; AND CYBERSQUATTING
INJUNCTIVE RELEIF SOUGHT</u>**

Plaintiff, Avow Hospice, Inc., a Florida nonprofit corporation, by and through its undersigned attorneys hereby files this Verified Complaint against Defendants, Avow Foundation for Abortion Access, Inc., Avow, Inc., and Avow PAC for Federal Trademark Infringement, Federal Unfair Competition, and Cybersquatting and alleges the following:

## Jurisdiction

1.  This Court has original jurisdiction over this action under 28 U.S.C. § 1331, 15 U.S.C. §§ 1116, 1117, 1121 and 1125.

2.  The matter in controversy exceeds, exclusive of interest and costs, a sum in excess of Seventy-Five Thousand Dollars ($75,000.00).

3.  Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1397 and 1400(a), in that Plaintiff's claim arises in this District.

## The Parties

4.  Plaintiff, Avow Hospice, Inc. (hereinafter "Avow" or "Plaintiff"), is a Florida nonprofit Corporation organized and existing under the laws of the State of Florida, having its principal place of business at 1095 Whippoorwill Lane, Naples, Florida 34105.

5.  Defendant, Avow Foundation for Abortion Access, Inc., is a Texas nonprofit corporation having its principal place of business at 1101 W 34th Street, #679, Austin, Texas 78705.

6.  Defendant, Avow, Inc., is a Texas nonprofit corporation having its principal place of business at 1101 W 34th Street, #679, Austin, Texas 78705.

7.  Defendant, Avow PAC, is a political action committee having its principal place of business at 8310 N. Capital of Texas Hwy., Prominent Point I, Suite 305, Austin, Texas 78731.

8.   Upon information and belief, Defendants have all committed the acts complained of herein in this Middle District for their gain and profit and are subject to the jurisdiction of this Court.

## Factual Background

9.   Plaintiff was established in 1983 as Collier County, Florida's first hospice. Since that time, Plaintiff has grown to become one of the largest hospices in the United States.   Plaintiff also pioneered non-hospice palliative care in Collier County, offering these services beginning in 2003.   Plaintiff also offers grief and bereavement services to children and adults who have suffered a loss. As many of the services provided by Plaintiff are free of charge to its recipients, Plaintiff is actively involved in charitable fundraising services.

10.   Plaintiff's services are offered to the public by many and various means in interstate commerce.

11.   Plaintiff has been using its AVOW® mark continuously and exclusively in connection with its charitable fundraising, hospice, palliative care, grief and bereavement support, and related services for more than 15 years, that is, since 2007.

12.   Plaintiff has been using its AVOW TREASURES® mark continuously and exclusively in connection with its retail store services for more than 15 years, that is since October 26, 2007.

13.   Plaintiff has been using its AVOW KIDS® mark continuously and exclusively in connection with its charitable fundraising, day and overnight camps, music and art therapy services, and grief counseling services for more than 6 years, that is, since May 14, 2016.

14.   Plaintiff's hard work, efforts, and many accomplishments have contributed to its excellent reputation and goodwill, making Plaintiff a well-known, envied, and recognized name in its field.

15.   Plaintiff's brand identity, creativity and innovations in the fundraising, hospice, palliative care, and bereavement support services and the promotion of its services and the goodwill associated with its business have in large part contributed to its success.

16.   Since its inception, Plaintiff has worked hard to separate itself from the competition and the commercial identity and resultant valuable goodwill associated with its business has resulted in tens of thousands of clients and donors and considerable acclaim, unsolicited publicity and great public acceptance.

17.   Plaintiff's services are offered to the public by many and various means throughout the United States, including but not limited to through its trademarks, all as described in greater detail hereafter.

18.   Plaintiff is well known to the relevant consuming public as well as to its competitors.

4

## **Plaintiff's Trademark Rights**

19. Plaintiff is the owner of all right, title, and interest in the trademarks AVOW®, AVOW KIDS® and AVOW TREASURES® ("Plaintiff's Marks) for use in connection with its services, and ardently enforces all rights in connection therewith.

20. Plaintiff is the owner of U.S. Registration No. 3,459,192 for the mark AVOW®, which registration is a matter of public record and serves as constructive notice to the public of Plaintiff and its trademark rights.

21. Plaintiff is the owner of U.S. Registration No. 6,234,699 for the mark AVOW®, which registration is a matter of public record and serves as constructive notice to the public of Plaintiff and its trademark rights.

22. Plaintiff is the owner of U.S. Registration No. 6,316,402, for the mark AVOW KIDS®, which registration is a matter of public record and serves as constructive notice to the public of Plaintiff and its trademark rights.

23. Plaintiff is the owner of U.S. Registration No. 5,977,704, for the mark AVOW TREASURES®, which registration is a matter of public record and serves as constructive notice to the public of Plaintiff and its trademark rights.

24. Plaintiff's services have been widely advertised and expansively offered to the public for and promoted under Plaintiff's Marks.

25. Plaintiff's AVOW® and AVOW TREASURES® Marks have been in use

in Florida and in interstate commerce since 2007 and its AVOW KIDS® mark has been in use in Florida and in interstate commerce since 2016.  Plaintiff's Marks have become, through widespread and favorable public acceptance and recognition, an asset of substantial value as a symbol of Plaintiff, its high-quality services, and its goodwill.

26.   Plaintiff enjoys considerable success and an enviable reputation in its field, its promotions, and its activities due in large part to its use of, and rights in Plaintiff's Marks.

27.   Plaintiff has made considerable expenditures and sacrifices to achieve the success it now enjoys in connection with its services offered and provided under Plaintiff's Marks.

28.   As a result of Plaintiff's favorable reputation and considerable investments and  promotions, Plaintiff's Marks have become synonymous with high quality within its field.

29.   Plaintiff's Marks have been extensively and continuously advertised and promoted to the public through various means and modes. By reason of such advertising and promotion, the public has come to recognize Plaintiff's services under Plaintiff's Marks as emanating from Plaintiff.

30.   Plaintiff's significant advertising and marketing efforts to date under

Plaintiff's Marks have been successful and have enhanced Plaintiff's goodwill and brand recognition in Plaintiff's Marks, as well as continuously attracting new customers and referrals to the services provided by Plaintiff under its valuable trademarks.

31.   Plaintiff's extensive advertising and marketing efforts have caused customers and potential customers to identify Plaintiff as the sole source of exceptional services offered in the United States under Plaintiff's Marks. As such the distinctiveness of Plaintiff's Marks and its connection to the services offered under Plaintiff's Marks has, in fact, been established in the minds of the consuming public.

32.   Plaintiff enforces its rights herein under Plaintiff's Marks in order to protect the very valuable rights and excellent reputation Plaintiff has worked so hard to achieve and to prevent public confusion between Plaintiff and Defendant, as described hereinafter.

<u>Illegal Acts of the Defendant</u>

33.   The Defendants Avow Foundation for Abortion Access, Inc. and Avow, Inc. are pro-abortion advocates engaged in fundraising efforts to support Defendants' mission to advocate for and secure unrestricted abortion access through political and policy change.  Defendant Avow PAC is a political action committee that works to elect pro-abortion politicians.

34.   Upon information and belief, prior to January 25, 2021, Defendants Avow Foundation for Abortion Access, Inc. and Avow, Inc. were operating under the names TARAL – Education Fund (d/b/a NARAL Pro-Choice Texas Foundation) and Texas Abortion Rights Action League, Inc., respectively.

35.   In fact, via letter dated July 5, 2022, Plaintiff's attorneys advised Defendants of the infringement and requested that they cease the infringement. However, Defendants failed to provide any substantive response to Plaintiff's claims and Defendants continue to knowingly and willfully infringe Plaintiff's Marks.

36.   Defendants, with complete disregard for Plaintiff's rights, have been openly and actively engaged in the illegal, unauthorized, infringing, unlicensed, and imitative use of Plaintiff's "AVOW" trademark, by various and numerous means and modes, for fundraising and advocating for certain medical services, all offered to the public in direct competition with Plaintiff.

37.   Upon information and belief, Defendants, unless enjoined by this Court, will continue to expand the use of the AVOW mark and cause further irreparable damage and harm to Plaintiff.

38.   On November 16, 2020, Defendants, or those acting on behalf of Defendants, registered the domain www.avowtexas.org. This domain is currently in use by Defendants to advertise and promote Defendants' services.

39. The AVOW mark has been used by Defendants and offered to the public utilizing this Middle District as a forum for its infringing activities with knowledge of the source of the AVOW mark and with knowledge of the fact that the AVOW mark is neither genuine nor authorized by Plaintiff.

40. Defendants have engaged in the transaction of business and activities and the commission of tortious acts in the State of Florida, within this Middle District, and are subject to the jurisdiction of this Court.

41. By using the infringing AVOW mark and engaging in fundraising and online retail store activities, Defendants have misrepresented and falsely described to the general public the origin and source of Defendants' services so as to deceive the public and deliberately create confusion, likelihood of confusion, or cause mistake or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' services, or commercial activities by the ultimate purchaser as to both the source and sponsorship of Defendants' services.

42. Defendants' pro-abortion position and its advocacy for unrestricted abortion offered under the AVOW mark is a highly controversial and emotional issue for those on both sides. Thus, Defendants' use of AVOW and the promotion thereof has, does, and will continue to damage and dilute the goodwill Plaintiff has developed in connection with offering legitimate and authorized services.

43.  Defendants have traded on the goodwill associated with Plaintiff, have committed acts of unfair competition, have engaged in deceptive and unfair business practices, have been unjustly enriched, and have misled and will continue to confuse and mislead the public into assuming a connection between Plaintiff and Defendants by Defendants' offering to the public of its services under the AVOW mark.

44.  Defendants have offered for sale and sold in Florida and in interstate commerce goods and services under the AVOW mark, which are confusingly similar to some of Plaintiff's services and goods, thus creating a likelihood of confusion, deception, and mistake as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's goods and services.

45.  The use by Defendants of the AVOW mark constitutes a knowing and willful use of a false designation of origin and a false description or representation that wrongly and falsely designates Defendants' goods and services offered to the public by Defendants as originating from, or connected with, Plaintiff, and constitutes utilizing false descriptions or representations in commerce.

46.  The imitation, reproduction, and unauthorized use of the AVOW mark by Defendants causes irreparable injury to Plaintiff, including injury to its business reputation and dilution of the distinctive quality of Plaintiff's Marks.

47. Defendants' use of the AVOW mark has, does, and is likely to permit Defendants to pass off its goods and services as that of Plaintiffs, all to the detriment of Plaintiff and to the unjust enrichment of Defendants.

48. Defendants' use of the AVOW mark has caused actual confusion in the marketplace and does cause, and is likely to continue to cause, damage to Plaintiff by tarnishing the valuable reputation and image associated with Plaintiff and its services.

49. The actual confusion referred to above has resulted in a likelihood of confusion as to whether Defendants' goods and services were in fact Plaintiff's goods or services, whether Plaintiff and Defendant are affiliated, whether Defendants are sponsored by or acting in a joint venture with Plaintiff, a diversion or customers, and other such acts of confusion, public inconvenience and mistake.

<u>Injury to Plaintiff and the Public</u>

50. Defendants' unlawful activities results in irreparable harm and injury to Plaintiff

among other harms, it:

     a. Is likely to continue to cause confusion, mistake, and deception as to the source or origin of Defendants' goods and services, and is likely to falsely suggest a sponsorship, connection, license, or

association between Defendants' and/or its goods and services with Plaintiff;

b.  Deprives Plaintiff of its absolute right to determine the manner in which its services are presented to the general public;

c.  Deceives the public as to the origin and sponsorship of such goods and services;

d.  Wrongfully trades upon and cashes in on Plaintiff's reputation and exclusive rights in Plaintiff's Marks; and

e.  To the extent Defendants' services are highly provocative, eliciting extreme emotion on both sides of the issue, irreparably harms and injures Plaintiff's reputation.

51.  Plaintiff is entitled to an injunction restraining Defendants' and its officers, agents, servants, employees, and attorneys, and all persons acting in concert with it, from engaging in any further acts in violation of Plaintiff's rights.

52.  Plaintiff is further entitled to recover from Defendants the damages, including treble damages, interest, and attorneys' fees and costs it has sustained and will sustain, and any gains, profits and advantages obtained by Defendants as a result of Defendants' acts as alleged herein.  At present, the amount of such damages, gains, profits, and advantages cannot be fully ascertained by Plaintiff.

## COUNT I
## Federal Trademark Infringement
## (15 U.S.C. § 1125)

53.   Plaintiff repeats and realleges Paragraphs 1 - 52 above as if fully set forth herein.

54.   Defendants' acts, as alleged herein with respect to Defendants' infringement of Plaintiff's Marks, are likely to cause public confusion, mistake, or deception and constitute trademark infringement in violation of 15 U.S.C. § 1125.

55.   Defendants' acts, as alleged herein, have caused irreparable injury and damage to Plaintiff and, unless restrained, will continue to do so.

56.   As a result, Plaintiff has suffered damages with interest.

57.   Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff demands judgment against Defendants including:

a.   A preliminary and permanent injunction enjoining and restraining Defendants and its officers, directors, principals, agents, servants, employees, successors, assigns, attorneys, and all those persons in active concert or participation therewith who received actual notice of this Court's orders:

i.   From causing likelihood of confusion, or causing mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff of Plaintiff's

Marks, or as to the origin, sponsorship, or approval of its goods, or commercial reputation, or dilution of the distinctiveness of, Plaintiff's Marks or Plaintiff's forms of advertising;

ii.    From directly or indirectly falsely designating or representing that any goods or services are authorized, approved, associated with, or originating from Plaintiff;

iii.    From directly or indirectly using the AVOW mark or any confusingly similar variant, which is likely to cause confusion or further irreparable harm to Plaintiff's business, reputation or goodwill;

iv.    From utilizing the AVOW mark or any confusingly similar variant in any shape or manner;

v.    From publishing, assembling, marketing, distributing, or otherwise utilizing any literature, business forms, printed matter, signs, or any other representations, regardless of the medium, which bear the AVOW mark or any confusingly similar variant, and from otherwise unfairly competing in any way with Plaintiff;

vi.   To deliver up to Plaintiff all literature, printed matter, products, and any other representations, regardless of form, which are in, or come to be in, Defendants' possession, custody, or control and which bear the AVOW mark or any confusingly similar variant;

vii.  To notify its direct customers, agents, and representatives that the AVOW mark or any confusingly similar variant is not connected with Plaintiff; and

viii. To immediately institute full compliance with any order entered by this Court and, within thirty days following the date of entry of any preliminary or permanent injunctive relief issued by this Court, propound and file a statement, under oath and penalty of perjury, that each and every injunctive provision has been fully and completely complied with.

b. An accounting and payment of all profits gained by the Defendants while engaging in the acts complained of herein;

c. All monetary damages suffered by Plaintiff;

d. A trebling of the profits and monetary damages to which Plaintiff is entitled under 15 U.S.C. § 1117;

e.  An award of attorneys' fees and costs pursuant to 15 U.S.C § 1117; and

f.  Such other interlocutory and permanent relief as may be just and proper.

**COUNT II**
**Federal Unfair Competition**
**(15 U.S.C. § 1125)**

58.  Plaintiff repeats and realleges Paragraphs 1 - 52 above as if fully set forth herein.

59.  Defendants' acts, as alleged herein with respect to Defendants' infringement of Plaintiff's Marks, are likely to cause public confusion, mistake, or deception, and constitute unfair competition with Plaintiff in violation of 15 U.S.C. § 1125.

60.  Defendants' acts, as alleged herein, have caused irreparable injury and damage to Plaintiff and, unless restrained, will continue to do so.

61.  As a result, Plaintiff has suffered damages with interest.

62.  Plaintiff has no adequate complete remedy at law.

WHEREFORE, Plaintiff demands judgment against Defendants including:

a.  A preliminary and permanent injunction enjoining and restraining Defendants and its officers, directors, principals, agents, servants, employees, successors, assigns, attorneys, and all those persons in

active concert or participation therewith who received actual notice of this Court's orders:

    i.   From causing likelihood of confusion, or causing mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff of Plaintiff's Marks, or as to the origin, sponsorship, or approval of its goods, or commercial reputation, or dilution of the distinctiveness of, Plaintiff's Marks or Plaintiff's forms of advertising;

    ii.   From directly or indirectly falsely designating or representing that any goods or services are authorized, approved, associated with, or originating from Plaintiff;

    iii.   From directly or indirectly using the AVOW mark or any confusingly similar variant, which is likely to cause confusion or further irreparable harm to Plaintiff's business, reputation or goodwill;

    iv.   From utilizing the AVOW mark or any confusingly similar variant in any shape or manner;

    v.   From publishing, assembling, marketing, distributing, or otherwise utilizing any literature, business forms,

printed matter, signs, or any other representations, regardless of the medium, which bear the AVOW mark or any confusingly similar variant, and from otherwise unfairly competing in any way with Plaintiff;

vi.  To deliver up to Plaintiff all literature, printed matter, products, and any other representations, regardless of form, which are in, or come to be in, Defendants' possession, custody, or control and which bear the AVOW mark or any confusingly similar variant;

vii.  To notify its direct customers, agents, and representatives that the AVOW mark or any confusingly similar variant is not connected with Plaintiff; and

viii.  To immediately institute full compliance with any order entered by this Court and, within thirty days following the date of entry of any preliminary or permanent injunctive relief issued by this Court, propound and file a statement, under oath and penalty of perjury, that each and every injunctive provision has been fully and completely complied with.

b.  An accounting and payment of all profits gained by the Defendants while engaging in the acts complained of herein;

c.  All monetary damages suffered by Plaintiff;

d.  A trebling of the profits and monetary damages to which Plaintiff is entitled under 15 U.S.C. § 1117;

e.  An award of attorneys' fees and costs pursuant to 15 U.S.C § 1117; and

f.  Such other interlocutory and permanent relief as may be just and proper.

## COUNT III
## Cybersquatting

63.  Plaintiff repeats and realleges Paragraphs 1 - 52 above as if fully set forth herein.

64.  Defendants have acquired and are using the domain www.avowtexas.org.

65.  Plaintiff began using the distinctive "AVOW" mark years prior to Defendants' acquisition and use of the www.avowtexas.org domain.

66.  Defendants' www.avowtexas.org domain is confusingly similar to Plaintiff's Marks AVOW®, AVOW KIDS® and AVOW TREASURES®.

67. Defendants have acquired and used the www.avowtexas.org domain with bad faith intent to profit from Plaintiff's Marks.

68. Defendants' acts as alleged above have caused, and if not enjoined will continue to cause, irreparable and continuing harm to Plaintiff's Marks, business reputation, and goodwill. Plaintiff has no adequate remedy at law as monetary damages are inadequate to compensate Plaintiff for the injuries caused by Defendants.

69. Plaintiff is entitled to cancellation of Defendants' www.avowtexas.org domain registration or transfer of the domain to Plaintiff, along with monetary compensation and statutory penalties pursuant to the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

WHEREFORE, Plaintiff demands judgment against Defendants including:

    a. A preliminary and permanent injunction enjoining and restraining Defendants and its officers, directors, principals, agents, servants, employees, successors, assigns, attorneys, and all those persons in active concert or participation therewith who received actual notice of this Court's orders:

        i. From causing likelihood of confusion, or causing mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff of Plaintiff's

Marks, or as to the origin, sponsorship, or approval of its goods, or commercial reputation, or dilution of the distinctiveness of, Plaintiff's Marks or Plaintiff's forms of advertising;

ii.   From directly or indirectly falsely designating or representing that any goods or services are authorized, approved, associated with, or originating from Plaintiff;

iii.  From directly or indirectly using the AVOW mark or any confusingly similar variant, which is likely to cause confusion or further irreparable harm to Plaintiff's business, reputation or goodwill;

iv.   From utilizing the AVOW mark or any confusingly similar variant in any shape or manner;

v.    From publishing, assembling, marketing, distributing, or otherwise utilizing any literature, business forms, printed matter, signs, or any other representations, regardless of the medium, which bear the AVOW mark or any confusingly similar variant, and from otherwise unfairly competing in any way with Plaintiff;

    vi.    To deliver up to Plaintiff all literature, printed matter, products, and any other representations, regardless of form, which are in, or come to be in, Defendants' possession, custody, or control and which bear the AVOW mark or any confusingly similar variant;

    vii.    To notify its direct customers, agents, and representatives that the AVOW mark or any confusingly similar variant is not connected with Plaintiff; and

    viii.    To immediately institute full compliance with any order entered by this Court and, within thirty days following the date of entry of any preliminary or permanent injunctive relief issued by this Court, propound and file a statement, under oath and penalty of perjury, that each and every injunctive provision has been fully and completely complied with.

b. That this Court order the Registrar of the www.avowtexas.org domain to cancel or to transfer the registration to Plaintiff;

c. An accounting and payment of all profits gained by the Defendants while engaging in the acts complained of herein;

d. All monetary damages suffered by Plaintiff;

    e.  A trebling of the profits and monetary damages to which Plaintiff is entitled under 15 U.S.C. § 1117;

    f.  An award of attorneys' fees and costs pursuant to 15 U.S.C § 1117; and

    g.  Such other interlocutory and permanent relief as may be just and proper.

Dated: _2-28-2023_

Respectfully Submitted,

By: _____

Erica L. Loeffler, Esq.
Florida Bar No. 852201
erica@lawipgroup.com

Bryan L. Loeffler, Esq.
Florida Bar No. 852341
bryan@lawipgroup.com

LOEFFLER IP GROUP, P.A.
5659 Strand Court, Suite 102
Naples, FL 34110
(239) 202-2901
Attorneys for Plaintiff

**VERIFICATION**

STATE OF FLORIDA          )
COUNTY OF Collier         )

I, Jaysen Roa, being duly sworn, depose and say:

1.    I am the CEO of Avow Hospice, Inc., a Florida nonprofit corporation, Plaintiff in the above styled action.

2.    I have reviewed the VERIFIED COMPLAINT for Federal Trademark Infringement; Federal Unfair Competition; Cybersquatting and Injunctive Relief in the captioned matter and verily believe the information is true and correct.

FURTHER AFFIANT SAITH NOT.

_____
Jaysen Roa

Sworn to a subscribed before me
this 21 day of FEBRUARY, 2023.

_____
Notary Public
My Commission Expires:

Notary Public State of Florida
Pamela A Hafner
My Commission
HH 269702
Exp. 5/31/2026

___✓___ Personally Known to Me; or
_____ Produced _____ as identification.

19